IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, AS SUBROGEE OF BETTY DAVIS-CRACRAFT,<br><br>     Plaintiff,<br><br>vs.<br><br>GREE USA, INC.,<br><br>     Defendant. | Case No.: 4:18-cv-00275-RGE-HCA<br><br><br>DEFENDANT GREE USA's RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

Defendant, GREE USA, INC. ("Gree"), hereby responds to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By    /s/ Clark I. Mitchell
      Clark I. Mitchell    AT0005354

By    /s/Aaron W. Lindebak
      Aaron W. Lindebak  AT0011917

500 E. Court Avenue, Suite 200
P.O. Box 10434
Des Moines, IA  50306
Telephone:  515-245-4300
Fax:  515-245-4452
cmitchell@grefesidney.com
alindebak@grefesidney.com

ATTORNEYS FOR DEFENDANT

1



Certification of Service

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on January 4, 2019 via e-mail as follows:

Kevin J. Driscoll
kdriscoll@finleylaw.com

Marisa L. Saber
msaber@cozen.com
ATTORNEYS FOR PLAINTIFF ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Betty Davis-Cracraft

By____/s/ Aaron W. Lindebak_____

## GENERAL OBJECTIONS

1.     Defendant objects to any and all Interrogatories to the extent that they seek information concerning activities, policies, practices, information, or procedures of entities or persons other than Defendant, whether a party to this action or otherwise, because such entities or persons are best able to provide Responses regarding their operations.

2.     The Responses to many of the Interrogatories can be derived or ascertained from Plaintiff's records and the burden of doing so is substantially the same for Defendant. Accordingly, Defendant will refer Plaintiff to documents where responsive information may be derived.

3.     Defendant submits these responses without conceding the necessity or materiality of the subject matter of any Interrogatory or any information provided in Response thereto, and without prejudice to all objections to its use or to further production, or to its admissibility.

4.     Defendant objects to those Interrogatories that seek information that is neither relevant to this action nor material and necessary to the resolution of the issues in this case.

5.     Defendant objects to those Interrogatories that seek:

(a)     information that embodies or discloses confidential communications between Defendant or its employees and its attorneys;

(b)     information that represents the work product of Defendant's employees and/or attorneys or that otherwise reflects the mental impressions, conclusions, opinions, or legal theories of its attorneys or its agents; and/or

(c)     information that has been compiled in anticipation of litigation or for trial by or on behalf of Defendant, its employees, or its attorneys.

6.     Defendant objects to those Interrogatories that are duplicative, repetitive, or cumulative

3

and as to which information may be obtained from another source that is more convenient, less burdensome, and less expensive.  Defendant further objects to the Interrogatories to the extent that they seek information not in the possession, custody, or control of Defendant, its employees, agents, and/or attorneys.

7.      Defendant objects to each Interrogatory that is improper for one or more of the following reasons: (i) it is overbroad; (ii) it is impermissibly vague and non-specific; (iii) it is couched in sweeping and all-encompassing language that is disfavored by the Courts; (iv) compliance would be unduly burdensome to Defendant, if not impossible; (v) it is not reasonably and appropriately restricted in temporal duration; (vi) it is not reasonably and appropriately restricted in scope to relevant subject matter; (vii) it does not sufficiently identify or particularize the specific information that is being sought; (viii) it is made without an adequate, proper or legally sufficient factual predicate; (ix) it seeks evidentiary information; and (x) it is otherwise beyond the scope of disclosure.

8.      Defendant's general and specific objections shall apply both to these Interrogatories and to all later interrogatories.

9.      Defendant objects to each Interrogatory that attempts to impose upon Defendant any obligations beyond those established by the Indiana Rules of Procedure or by case law.

10.     The Responses are based on such information as is reasonably available to Defendant and/or its representatives, and susceptible to retrieval through reasonable efforts, except to the extent such information is privileged or otherwise undiscoverable under the rules and case law pertaining to this matter. Defendant expressly reserves their right to amend, revise, clarify, or supplement its Responses.

11.     Defendant objects to each Interrogatory that attempts to impose upon Defendant any

4

obligations beyond those established by Indiana law.

12.    Defendant objects to each Interrogatory that seeks information relating to the "Subject Product" and "Subject Dehumidifier" as defined by Plaintiff in their Interrogatories. Plaintiff alleges that a dehumidifier manufactured by Defendant Gree USA caused the alleged property damage to the home of their insured. To date, Plaintiff has provided no evidence to support the identification of the dehumidifier.

13.    These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated.

## INTERROGATORIES

**Interrogatory No. 1:**

Please identify the dehumidifier at issue in this lawsuit by model number, serial number, date of manufacturer and identify what entity purchased the product from GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI (hereinafter identified as "Gree China") for the purposes of importing the product into the United States.

**ANSWER:**   Objection.   Plaintiff has the burden of establishing product identity and is improperly attempting to shift that burden onto Defendants.   Plaintiff has failed to provide any proof of purchase for the subject product, a user's manual, product packaging, or other identifying information about The Product. Without waiving this objection, investigation continues. This answer may be supplemented.

**Interrogatory No. 2:**

Please identify all standards that Gree USA has provided to its employees and/or contractors since January 1, 2008 concerning the inspection, repair or recall of Gree China dehumidifiers.

**<u>ANSWER:</u>** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Interrogatory No. 3:**

Please identify all policies, manuals and/or guidelines Gree USA has used/created since January 1, 2007 relating to, in whole or in part, the inspection of Gree China dehumidifiers and/or reporting the need for inspection, repair, or recall relating to any fire hazard.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel. Defendant also objects as this interrogatory seeks work-product. Without waiving this objection, discovery is ongoing and investigation continues. This answer may be supplemented.

**Interrogatory No. 4:**

Please identify all documents relating to, referring to, and/or evidencing any concerns Gree USA had regarding a potential fire hazard associated with dehumidifiers from Gree China.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Interrogatory No. 5:**

Please identify all documents relating to or concerning any communications between Gree USA and Gree China regarding potential fire hazards associated with dehumidifiers from Gree China.

**<u>ANSWER:</u>** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 6:**

Please identify all documents which refer to, relate to and/or evidence any policies, guidelines and/or procedures for removing, preserving and/or destroying evidence located within the Gree USA based offices.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Interrogatory No. 7:**

Please identify all documents which refer to, relate to and/or evidence any expert reports which discuss a design defect within Gree China dehumidifiers.

**<u>ANSWER:</u>** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Interrogatory No. 8:**

Please identify all documents which refer to, relate to and/or evidence Gree USA's decision to halt sales of Gree China dehumidifiers between January 1, 2012 and December 31, 2013.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waving objection, please refer to the CPSC website for information relating to the Gree dehumidifier recall.

**Interrogatory No. 9:**

Please state whether Gree USA resumed selling Gree China dehumidifiers after December 1, 2012, and if so, please identify

     A.      all records relating to same;

     B.      the date that your or Gree Zhuhai resumed sales;

     C.      the reason for the resumption of sales;

     D.      all persons involved in the decision to resume the sales;

     E.      the total volume of sales for you and Gree Zhuhai dehumidifiers in the United States from December 1, 2012 to the present;

     F.      the total revenue broken down by state for your dehumidifiers sold in the United States from December 1, 2012 to the present.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Interrogatory No. 10:**

Please state whether any third party performed any testing on the dehumidifiers.  If so, identify:

    A.     all records relating to same;

    B.     the name of the testing agency;

    C.     the date of the testing;

    D.     the reason for the testing;

    E.     all results of the testing.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel. Furthermore, Defendant objects to this interrogatory is vague in that "the dehumidifiers" is not reasonably calculated or crafted to lead to the discovery of admissible evidence.

**Interrogatory No. 11:**

State whether you received any complaints from customers who purchased a dehumidifier in the last 10 years regarding any potential fire hazards.  If so, identify:

A.    all records relating to same;

B.    identify the product by model number, serial number, SKU number, upc number, date of manufacturer and identify what entity purchased the product from Gree China for the purposes of importing the product into the United States;

C.    the reason for the complaint;

D.    identify all remedial measures taken to address the customer's complaint.

E.    state with particularity what you did to investigate such complaints.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel. Without waiving this objection, this information has been requested. Discovery is ongoing. Investigation continues.

**Interrogatory No. 12:**

Please state all annual sales figures associated with Gree USA dehumidifiers in the U.S. market in the last 10 years, separated and identified by year and by model numbers, SKU numbers, UPC number, and broken down by state.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based

**Interrogatory No. 13:**

Please state all annual revenue associated with Gree USA dehumidifiers in the U.S. market in the last 10 years, separated and identified by year and by model numbers, SKU numbers, UPC number, and broken down by state.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based.

**Interrogatory No. 14:**

Please state annual volume of dehumidifiers you shipped to the U.S. market in the last 10 years, separated and identified by year and by model numbers.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based.

**Interrogatory No. 15:**

Please state all returns and refunds associated with your dehumidifiers in the U.S. market in the last 10 years, separated and identified by year and by model numbers, SKU number, and UPC number, and broken down by state.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based.

**Interrogatory No. 16:**

Please identify all makes and models of dehumidifiers sold into the U.S. market by you in the last 10 years by providing SKU number, UPC number, product number, product name, and any trade name associated with each product.

**ANSWER:** Defendant objects on the grounds that the interrogatory is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based.

**Interrogatory No. 17:**

Please state all actions taken by you in response to any recall of your dehumidifiers in the last 10 years.

**ANSWER:** Defendant objects on the grounds that the interrogatory is vague, overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based.  Defendant also objects on the grounds that Plaintiff has not established that the dehumidifiers that are the subject of this lawsuit were subject to any recall. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel. Without waiving this objection, these documents have been requested. This answer may be supplemented.

**Interrogatory No. 18:**

Did you investigate the November 29, 2015 Betty Davis-Cracraft residence fire?  If so, identify all employees with knowledge of the cause of the fire and all records, including photographs relating to said investigation.

**ANSWER:** Defendant objects to the extent that this interrogatory calls for privileged information and/or attorney work-product.  To the extent that this claim was previously investigated by a third-party administrator, Defendant is not in possession of those materials.

**Interrogatory No. 19:**

Identify all Gree USA employees responsible for any decisions to halt sales of Gree China dehumidifiers from 2008 until the current date.

**ANSWER:** Defendant objects on the grounds that the interrogatory is vague, overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

24

**Interrogatory No. 20:**

State with particularity your policy for claims alleging your products caused any fire or property damage.

**ANSWER:** Defendant objects on the grounds that the interrogatory is vague and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel. Without waiving this objection, these documents have been requested.

**Interrogatory No. 21:**

State the total number of claims that have been made alleging your dehumidifiers caused any fire or property damage.

<u>**ANSWER:**</u> Defendant objects on the grounds that the interrogatory is vague, overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based.  Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Interrogatory No. 22:**

State with particularity all amounts you have paid in response to any claims made alleging that your dehumidifiers caused any fire or property damage by describing the date of the claim, the date of payment, the identity of the claimant, the identity of the party you paid in response to the claim, and the amount paid on each the claim.

**ANSWER:** Defendant objects on the grounds that the interrogatory is vague, overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based. Defendant further objects to the extent this Interrogatory calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Interrogatory No. 23:**

Is your response to each request for admission served with these interrogatories an unqualified

admission?  If not, for each response that is not an unqualified admission:

      (a)      state the number of the request;

      (b)      state all facts upon which you base your response;

      (c)      state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

      (d)      identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing.

**ANSWER:**  This is a contention interrogatory best reserved for the end of discovery.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, AS SUBROGEE OF BETTY DAVIS-CRACRAFT,<br><br>      Plaintiff,<br>vs.<br><br>GREE USA, INC.,<br><br>      Defendant. | Case No.: 4:18-cv-00275-RGE-HCA<br><br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GREE USA, INC. |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant GREE USA, INC., by and through its attorneys, responds to Plaintiff's First Set of Requests for Production of Documents as follows:

Defendant repeats and reasserts the objections contained in Defendant's Response To Plaintiff's First Set Of Interrogatories.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**

All documents including all discovery materials, depositions, deposition exhibits, trial exhibits and all other non-privileged documents relating or directly or indirectly to *MJC America, Ltd. v. Gree Electric Appliances, Inc. of Zhuhai, et al.*, United States District Court for the Central District of California, 2:13-cv-04264.

**RESPONSE:** Defendant objects on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent request calls for

information about prior lawsuits or other publicly available information which is equally

available to Plaintiff's counsel and already in Plaintiff's counsel's possession.

**Request No. 2:**

All trial exhibits from *MJC America, LTD v Gree Electric Appliance, Inc. of Zhuhai*,

Case No. 13-cv-04264, United States District Court for the Central District of California.

**RESPONSE**: See response to number 1 above.

**Request No. 3:**

All Underwriter's Laboratory ("UL") files concerning the dehumidifiers and substantially

similar dehumidifiers and compliance with UL standard 474 and Standard 94.

**RESPONSE**: See response to number 1 above.

**Request No. 4:**

All documents, relating, directly or indirectly, to the design of the dehumidifiers and

substantially similar dehumidifiers, including any design drawings, cut sheets and any changes or

modifications.

**RESPONSE**: Defendant Gree USA, Inc., does not design dehumidifiers. This request is better

directed to parties not under Defendant's control.

**Request No. 5:**

All documents, relating, directly or indirectly, to any correspondence or exchange to or

from the United States Consumer Product Safety Commission concerning the dehumidifiers and

substantially similar dehumidifiers, including any and all documents relating to any consumer

complaints and recalls of the dehumidifiers.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly

2

burdensome, seeks irrelevant information and is not reasonably calculated to lead to the

discovery of admissible evidence. Defendant further objects to the extent request calls for

information about prior lawsuits or other publicly available information which is equally

available to Plaintiff's counsel and already in Plaintiff's counsel's possession.

**Request No. 6:**

    All documents relating, directly or indirectly, to the recall including any documents and

exchanged with Gree Electric Appliance, Inc. of Zhuhai concerning the dehumidifiers and

substantially similar dehumidifiers, including any and all information concerning the return of

dehumidifiers, the amount paid and the number of dehumidifiers that have not yet been returned.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly

burdensome, seeks irrelevant information and is not reasonably calculated to lead to the

discovery of admissible evidence.  Defendant further objects to the extent request calls for

information about prior lawsuits or other publicly available information which is equally

available to Plaintiff's counsel and already in Plaintiff's counsel's possession.

**Request No. 7:**

    An exemplar dehumidifier and an exemplar dehumidifier for all substantially similar

dehumidifiers.

**RESPONSE**: Defendant objects on the grounds that the request is unduly burdensome and

overly broad as posed. This request is not reasonably calculated to lead to the discovery of

admissible evidence.

3

**Request No. 8:**

All documents relating, directly or indirectly, to any claim made by any person that the dehumidifier or a substantially similar dehumidifier overheated, emitted smoke and/or started a fire.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad and unduly burdensome. Furthermore, Defendant objects to this request as it assumes facts that are still in dispute and not in evidence. Specifically, plaintiff has the burden of establishing product identity and is improperly attempting to shift that burden onto Defendants.

**Request No. 9:**

All documents exchanged between Gree USA, MJC America, Ltd., Gree Electric Appliance, Inc. of Zhuhai and Hong Kong Electric Appliances, Soleus Ltd., or relating directly or indirectly to any claim made by any person that the dehumidifier or a substantially similar dehumidifier overheated, emitted smoke and/or started a fire.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad and unduly burdensome. Specifically, plaintiff has the burden of establishing product identity and is improperly attempting to shift that burden onto Defendants. Without waiving that objection, investigation continues. This response may be supplemented.

**Request No. 10:**

All documents relating to the materials and plastics used in the dehumidifier and substantially similar dehumidifiers.

**RESPONSE**: Defendant objects to this request as it assumes facts that are still in dispute and not in evidence. Specifically, plaintiff has the burden of establishing product identity and is

improperly attempting to shift that burden onto Defendants. Without waiving this objection, these documents have been requested.

**Request No. 11:**

All documents concerning, involving or in any way related to the design, assembly, manufacture, testing, inspection and distribution and sale of the subject dehumidifier and all substantially similar dehumidifiers.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad and unduly burdensome. Without waiving this objection, Defendant will supplement.

**Request No. 12:**

All documents reflecting design objectives, design criteria and performance specifications of the product and all substantially similar dehumidifiers.

**RESPONSE**: Defendant does not design dehumidifiers.

**Request No. 13:**

All documents related to any design changes requested by General Electric concerning products manufactured by Gree Electric Appliances, Inc. of Zhuhai for General Electric from 2006 through 2016.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent request calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel and already in Plaintiff's counsel's possession.

**Request No. 14:**

All correspondence and communications with General Electric concerning the design, manufacture and distribution of dehumidifiers for General Electric from 2006 through the present.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 15:**

All documents reflecting any changes, alterations or modifications in any of the following:

      A.    performance specifications of the product and substantially similar products;

      B.    design objectives for the product and substantially similar products;

      C.    design criteria for the product and substantially similar products;

      D.    quality assurance procedures used in connection with the design, manufacture and assembly of the product;

      E.    instructions for the use of the product.

**RESPONSE**: Defendant objects to this request as it is overly broad and unduly burdensome. Without waiving this objection, Defendant does not design dehumidifiers. Discovery is ongoing. Investigation continues. This response may be supplemented.

**Request No. 16:**

All documents concerning, involving or in any way related to complaints and claims concerning the product or substantially similar product designed, tested, created, manufactured, assembled, sold or distributed by you and/or Gree Electric Appliance, Inc. of Zhuhai. This

request includes all investigations performed by you in relation to said complaints and claims.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 17:

All documents exchanged between you, Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliance Sales, Ltd. concerning the following:

      A.    the formation of Gree USA;

      B.    the design, manufacture, sale and distribution of dehumidifiers manufactured by Gree Electric Appliances, Inc. of Zhuhai;

      C.    complaints concerning overheating and/or fires caused by dehumidifiers manufactured by Gree Electric Appliance, Inc. of Zhuhai;

      D.    reporting to the Consumer Product Safety Commission concerning hazards associated with the dehumidifiers;

      E.    correspondence with UL concerning any certification of the dehumidifiers.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent request calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

## Request No. 18:

All reports and correspondence to and from any independent testing laboratory or engineering group concerning any dehumidifiers manufactured, distributed, sold or distributed

by you after 2006, including the Intek reports and correspondence, and Exponent reports and correspondence.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant time period or to specific products upon which Plaintiff's claims are based.

**Request No. 19:**

Any documents related to any indemnification agreement among and between Gree Electric Appliances, Inc. of Zhuhai, Hong Kong Gree Electric Appliance Sales, Ltd., and Gree USA relating to any claims concerning the dehumidifier and substantially similar dehumidifiers.

**RESPONSE**: Attached please find a copy of a PICC insurance policy that, aside from the date, is identical to the one relevant to this case covering Gree USA, Inc. related to product liability coverage. (Gree 1-33).

**Request No. 20:**

All reports, correspondence, information relied upon, curriculum vitae for any experts you intend to testify on your behalf at the time of trial- including damages experts.

**RESPONSE**: Testifying expert witnesses are unknown at this time. Defendant reserves the right to supplement this response as appropriate under the Court's scheduling orders and applicable laws and local rules.

**Request No. 21:**

Any documents, reports, and correspondence exchanged between Charlie Loh and Jimmie Loh with Gree China and Hong Kong Gree Electric Appliance Sales, Ltd. regarding

consumer complaints about and concerns with the dehumidifier and substantially similar
dehumidifiers.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly
burdensome, seeks irrelevant information and is not reasonably calculated to lead to the
discovery of admissible evidence in that it is not limited to any relevant time period or to specific
products upon which Plaintiff's claims are based.

**Request No. 22:**

Any documents, reports, and correspondence regarding Larry Lam's, employee of Hong
Kong Gree Electric Appliance Sales, Ltd., and engineer Ju's, employee of Gree China, meeting
or meetings with Charlie Loh and Jimmie Loh during September 2012.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly
burdensome, seeks irrelevant information and is not reasonably calculated to lead to the
discovery of admissible evidence upon which Plaintiff's claims are based.

**Request No. 23:**

All documents related to the substantiation of any claim that your dehumidifiers are or
ever were properly UL certified.

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly
burdensome, seeks irrelevant information and is not reasonably calculated to lead to the
discovery of admissible evidence upon which Plaintiff's claims are based.

**Request No. 24:**

Copies of any packaging or trade dress, marketing materials for your dehumidifiers
wherein it states that your dehumidifiers are UL certified.

9

**RESPONSE**: Defendant objects on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence upon which Plaintiff's claims are based. Defendant further objects to the extent request calls for information about prior lawsuits or other publicly available information which is equally available to Plaintiff's counsel.

**Request No. 25:**

Please produce all documents identified in your responses to Plaintiff's First Set of Interrogatories to Gree USA, Inc., served herewith.

**RESPONSE:** All responsive documents are produced herewith.

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By_____/s/ Clark I. Mitchell_____
       Clark I. Mitchell     AT0005354

By_____/s/Aaron W. Lindebak_____
       Aaron W. Lindebak  AT0011917

500 E. Court Avenue, Suite 200
P.O. Box 10434
Des Moines, IA  50306
Telephone:  515-245-4300
Fax:  515-245-4452
cmitchell@grefesidney.com
alindebak@grefesidney.com

ATTORNEYS FOR DEFENDANT

10

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the aforesaid has been sent for service via e-mail this 4th day of January, 2019.

Kevin J. Driscoll
kdriscoll@finleylaw.com

Marisa L. Saber (*to be admitted PHV*)
msaber@cozen.com

ATTORNEYS FOR PLAINTIFF


/s/Aaron W. Lindebak

11